UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SERGIO ENAMORADO                           CIVIL ACTION

VERSUS                                     NO:     09-4362

ASSURANT GROUP OF MIAMI, ET AL.            SECTION: "I" (4)

## ORDER

Before the Court is a **Motion for Leave to File First Supplemental and Amending Complaint (R. Doc. 16),** filed by the Plaintiff, Sergio Enamorado ("Enamorado"), seeking leave of this Court to file his First Supplemental and Amending Complaint adding a new cause of action for spoilation against American Security Insurance Company ("American Security"). American Security opposes the motion. (R. Doc. 19.) The motion was heard with oral argument on April 21, 2010.

## I.   Background

This is a Hurricane Gustav property damage claim. (R. Doc. 19, p. 1.) Enamorado's property sustained damages in Hurricane Gustav and American Security paid $2,523.87 on Enamorado's claim. (R. Doc. 19, p. 1.) Enamorado claims that in response to his claim, American Security sent an inspector, Gary Wayne Parmer ("Parmer"), who inspected his property on two different occasions. (R. Doc. 16-1, p. 1.) Enamorado claims that Parmer took handwritten notes of his findings during both inspections. (R. Doc. 16-1, p. 1.) On Friday, March 19, 2010, Parmer

testified at his deposition that he shredded his handwritten notes on or about January 1, 2010. (R. Doc. 16-5, p. 3.) Enamorado claims that he had requested all handwritten notes in the file from American Security on December 4, 2009, in his Requests for Production. (R. Doc. 16-3, p. 2.)

In the instant action Enamorado claims that Parmer's handwritten notes were the only way for him to verify the veracity of data entered into the computer files and relied upon by American Security's adjuster. (R. Doc. 16-3, p. 2.) Enamorado claims that when he instituted this lawsuit, American Security had a duty to preserve evidence relating to his claims. (R. Doc. 16-3, p. 3.) However, Enamorado claims that American Security, through it's inspector, Parmer, destroyed the evidence that best reflected his findings. (R. Doc. 16-3, p. 3.) Enamorado claims that if American Security's conduct was intentional, then it is liable for the tort of intentional spoilation under Louisiana law. (R. Doc. 16-3, p. 3.)

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 15(a)(2) governs the amendment of pleadings and provides that a "court should freely give leave when justice so requires." The Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or

2

defense. *Id.*

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id*. In exercising its discretion, the trial court may consider such factors as: (1) undue delay, bad faith, or dilatory motive by the movant; (2) the repeated failure to cure deficiencies by previously allowed amendments; (3) undue prejudice to the opposing party if the amendment is allowed; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Rule 15(a) must be considered in conjunction with Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* Similarly, the Scheduling Order in this case provides that deadlines "may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause." (R. Doc. 28, p. 3.)

To demonstrate good cause, the movant must show that "the deadlines cannot be reasonably met despite the diligence of the party needing the extensions." *S&W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). A court considers four factors in determining good cause: (1) the explanation for the failure to timely move for leave to amend; (2) importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536.

### III.  Analysis

Enamorado argues that he could not have discovered the basis of his spoilation claim until the deposition of Parmer, when Parmer revealed that he shredded his handwritten notes on January

3

1, 2010. (R. Doc. 16-1, p. 3.) Parmer also testified that he was not notified of Enamorado's claim until a couple of weeks before his March 19, 2010, deposition, and that he would not have shredded his handwritten notes if he knew that there was a pending claim. (R. Doc. 16-5, p. 5.) Enamorado claims that American Security is therefore liable for a spoilation claim for failing to notify Parmer of the pending claim when it knew that Enamorado was seeking the handwritten notes in his discovery requests propounded on December 4, 2010. (R. Doc. 16-1, p. 2.)

In response, American Security claims that although Parmer discarded his handwritten notes, he testified that "everything that would be on these scope notes is reflected on this final report, including the dimensions and the amount of damage. That is going to be included in my estimate." (R. Doc. 16-5, p. 105) Furthermore, American Security claims that the insured property is still in Enamorado's possession, and to the extent that he disagrees with the measurements in Parmer's report are incorrect, he can take his own measurements. (R. Doc. 19, p. 3.) American Security also points out that Enamorado has access to 312 photographs of the property taken by Parmer and therefore is not harmed by Parmer's discarded notes. (R. Doc. 19, p. 3.)

American Security further claims that Parmer is an independent contractor, not an agent or employee of American Security. (R. Doc. 19, p. 4.) American Security argues that Enamorado was aware that Parmer was an independent witness as of August 3, 2009, and could have notified him of the litigation at any point after that. (R. Doc. 19, p. 4.) American Security claims that it was not aware that Parmer would destroy his notes on the first of the year and did not instruct him to do so, and that they are therefore not responsible for his destruction of the handwritten notes. (R. Doc. 19, p. 4.)

American Security claims that Enamorado's motion for leave to amend should be denied

4

because the amendment is futile. (R. Doc. 19, p. 5.) American Security claims that there is no merit to Enamorado's spoilation claim because he does not cite any authority that states that an insurer is responsible for controlling a third party in possession of evidence. (R. Doc. 19, p. 6.) American Security further claims that Enamorado's spoilation claim requires intentional conduct on the part of American Security designed to deprive the plaintiff of the evidence. (R. Doc. 19, p. 8.) American Security claims that Enamorado has not specifically plead any intentional conduct on the part of American Security and therefore the amendment should be denied as futile. (R. Doc. 19, p. 9.)

Enamorado filed the motion for leave to file an amended complaint on April 5, 2010. (R. Doc. 16.) The deadline for filing amendment, as set in the scheduling order was March 29, 2010. (R. Doc. 7, p. 2.) Accordingly, under Federal Rule of Civil Procedure 16(b)(4), Enamorado must provide good cause as to why the Court should modify the deadline provided in the scheduling order. Enamorado explains that he did not discover the basis for his spoilation claim until the March 19, 2010, deposition of Parmer, when he learned that Parmer had destroyed his handwritten notes after Enamorado had requested them from American Security. Accordingly, the Court finds that Enamorado has established good cause for modifying the scheduling order and will consider the amendment under Rule 15(a).

At the hearing, counsel for American Security stated that American Security gave Enamorado everything in its claims file, which American Security argues is sufficient to satisfy Enamorado's Request for Production 8. Furthermore, counsel for American Security argues that Parmer works for a separate company, not American Security, and that Parmer's report was provided in the claims file. Counsel for American Security stated that the proper avenue for relief was for Enamorado to seek an adverse presumption against American Security, not a separate tort claim

5

because American Security was already the Defendant in the primary action. The Court stated that it would not rule on Enamorado's strategy for pursuing his spoilation claim. After determining that there were sufficient facts alleged to support a spoilation claim, the Court granted Enamorado's motion for leave to amend. The Court's decision is further explained below.

The Court finds that Enamorado should be granted leave to amend under Rule 15(a). First, there does not appear to be any undue delay, bad faith, or dilatory motive on the part of Enamorado. As discussed above, Enamorado did not know of the factual basis for his spoilation claim until March 19, 2010, only ten days before the deadline for amendments. Under the circumstances the Court finds that there is no evidence of undue delay, bad faith, or dilatory motive in filing the amendment on April 5, 2010.

Second, there is no evidence that Enamorado has repeatedly failed to cure deficiencies by previously allowed amendments. This is Enamorado's first amended complaint and there is no evidence that Enamorado knew of the factual basis for the spoilation claim but failed to assert it in his original Complaint. Third, there is no indication that American Security will be unduly prejudiced if the amendment is allowed. The spoilation claim is based on facts clearly asserted in the amended complaint and does not appear to require substantial discovery. Furthermore, the discovery deadline is not until July 27, 2010, giving American Security ample time to conduct further discovery, if necessary.

To establish a spoilation claim under Louisiana law, a plaintiff must prove that the defendant had a duty to preserve the evidence and that the defendant breached that duty. *See McCool v. Beauregard Mem'l Hosp.*, 814 So. 2d 116, 119 (La. Ct. App. 2002). Louisiana Courts are split on whether a plaintiff must prove that the defendant intentionally impaired the plaintiff's ability to

proceed by destroying evidence or merely acted negligently.

In *McCool*, the Court held that a defendant could be liable if it had a duty to preserve evidence and intentionally or negligently destroyed that evidence, thus impairing the plaintiff's ability to proceed with her case. *Id.* at 118-19. However, more recent Louisiana cases have held that a plaintiff "must allege that the defendant intentionally destroyed evidence" and that "[a]llegations of negligent conduct are insufficient." *Little v. Boston Scientific Corp.*, 8 So. 3d 591, 601 (La. Ct. App. 2009) (quoting *Desselle v. Jefferson Hosp. Dist. No. 2.*, 887 So. 2d 524, 534 (La. Ct. App. 2004)). This split in the circuit courts has yet to be resolved by the Louisiana Supreme Court.

In his amended complaint, Enamorado claims that Parmer, who is allegedly an American Security representative destroyed documents that American Security had a duty preserve because it knew that Enamorado had a claim pending against it and that the documents might be relevant. (R. Doc. 16-3, p. 2.) Furthermore, Enamorado claims that because American Security was aware that he had requested the documents on December 4, 2010, the destruction of the notes on January 1, 2010, was at least negligent and possibly intentional on the part of American Security. (R. Doc. 16-3, pp. 2-3.) Enamorado claims that the destruction of the notes impairs his case against American Security because he cannot verify the accuracy of the data entered into the adjuster's report. (R. Doc. 16-3, p. 2.)

Based on the state of the law on spoilation and the allegations made by Enamorado, the Court finds that at this stage, Enamorado's claims are not futile. The law is unsettled whether mere negligence on the part of the defendant in destroying evidence is enough or whether intentional conduct is necessary. However, the Court need not determine the state of the law at this stage in the

proceedings because Enamorado sufficiently alleges both intentional and negligent spoilation claims. Enamorado claims that Parmer was an American Security representative and that American Security therefore had a duty to instruct him not to destroy his notes. Enamorado further claims that in spite of receiving discovery requests seeking Parmer's notes in December 2009, American Security did not notify Parmer of the request, which resulted in the destruction of the notes on January 1, 2010.

Finally, Enamorado claims that his case was damaged by the destruction of the handwritten notes. Although American Security contests many of these claims, the question at this stage is whether the claims, as alleged would be futile, and the Court finds that the spoilation claim is not futile at this stage in the proceedings. Therefore, Enamorado's motion for leave to amend is granted.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Enamorado's **Motion for Leave to File First Supplemental and Amending Complaint (R. Doc. 16)** is hereby **GRANTED.**

New Orleans, Louisiana, this 28th day of April 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**